UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et al.,<br><br>        Defendants. | Case No.  22-cv-04948-JSW<br><br>**ORDER DENYING WITHOUT<br>PREJUDICE PLAINTIFFS' THIRD<br>MOTION FOR SERVICE BY<br>ALTERNATE MEANS**<br><br>Re: Dkt. No. 49 |

Now before the Court is Plaintiffs' third motion for service by alternate means.  (Dkt. No. 49.)  For the following reasons, the Court DENIES Plaintiffs' motion, without prejudice. Plaintiffs may file an additional motion for service by alternate means on Defendant Brian Hernandez no later than October 23, 2023.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  More than one year has elapsed since Plaintiffs filed their complaint in this action, and the Court has issued multiple orders regarding service on Hernandez. Should Plaintiffs fail to serve Hernandez by October 23, 2023, or alternatively, to submit a motion for alternate service, the Court will dismiss the action without prejudice as to Hernandez.

## BACKGROUND

On September 28, 2023, Plaintiffs filed a motion for service by alternative means, seeking permission to publish in Hernandez's last known county of residence.  Plaintiffs supported their motion with a declaration by attorney David Meyers.  (Dkt. No. 43-1.)  The declaration was not

United States District Court
Northern District of California

1    sworn, did not purport to be an affidavit, and did not attest to Meyers' personal knowledge as to

2    all stated facts.  The Court denied Plaintiffs' motion, and it instructed Plaintiffs that they needed to

3    submit an affidavit showing (1) reasonable diligence in attempting service and (2) independent

4    evidentiary support that a cause of action exists against the defendant.  (Dkt. No. 46.)

5         Plaintiffs renewed their motion on September 29, 2023.  (Dkt. No. 47.)  Meyers submitted

6    a declaration which purported to be an affidavit and which attested to Meyers' personal

7    knowledge.  The new declaration laid out in more detail Plaintiffs' attempts to serve Hernandez.

8    The declaration did not, however, provide independent evidentiary support that a cause of action

9    exists against Hernandez, as is mandated under California's service-by-publication statute.  Cal.

10   Civ. Proc. Code § 415.50(a).  The Court denied the renewed motion, again without prejudice, and

11   noted the requirement for independent evidentiary support.  (Dkt. No. 48.)

12        On September 30, 2023, Plaintiffs filed their third motion for service by alternate means as

13   to Defendant Hernandez.  (Dkt. No. 49.)  Meyers submitted an additional declaration relating that

14   Plaintiffs have provided independent evidentiary support to Meyers that a cause of action exists

15   against Hernandez "consistent with California Code of Civil Procedure Section 415.50."  (Dkt.

16   No. 49-1.)  Meyers states that Plaintiffs have described to him incidents of physical, emotional,

17   and/or sexual abuse by Hernandez.  (*Id.*)  Meyers also states that Merced County Child Protective

18   Services discovered Hernandez abused other foster children in his home during the time period in

19   which he had custody of Plaintiffs, although the details of that abuse are unknown.  (*Id.*)  Meyers

20   claims that Hernandez may be subject to cross-claims against him for fraud and deceit by the

21   County Defendants.  (*Id.*)

22                                        **ANALYSIS**

23        Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual by any means

24   permitted in an action brought in the state in which the district court is located or where service is

25   made.  Here, Plaintiffs request to serve Defendant Hernandez by publication.

26   **A.    Requirements for Service by Publication under California Code of Civil Procedure
            Section 415.50.**

27

28        California permits service by publication "if upon affidavit it appears to the satisfaction of

1    the court in which the action is pending that the party to be served cannot with reasonable

2    diligence be served in another manner [under state law] and that [a] cause of action exists against

3    the party upon whom service is to be made or he or she is a necessary or proper party to the

4    action." Cal. Civ. Proc. Code § 415.50(a).

5         The affidavit must demonstrate (1) reasonable diligence in attempting service by other

6    means and (2) independent evidentiary support that a cause of action exists against the defendant.

7    Proof of a cause of action must be in the form of a sworn statement of facts. *Cummings v.*

8    *Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *3 (N.D. Cal. Sept. 13, 2016).

9    **B.    Plaintiffs Must Provide an Affidavit or Its Equivalent.**

10        The Court pauses here to examine the affidavit requirement, because should Plaintiffs seek

11   to file a renewed motion, an affidavit containing jurisdictional facts and sworn by an affiant with

12   personal knowledge will be required. In California, an affidavit is "a written declaration under

13   oath, taken before any officer authorized to administer oaths." *Sanchez v. Bezos*, 80 Cal. App. 5th

14   750, 763 n. 3 (2022) (quoting *Kulshrestha v. First Union Commercial Corp.*, 33 Cal.4th 601, 609,

15   93 P.3d 386 (2004)) (internal marks omitted). A declaration may be used in place of an affidavit if

16   it is signed and recites that it is made under penalty of perjury. *Sweetwater Union High School*

17   *Dist. v. Gilbane Bldg. Co.*, 6 Cal.5th 931, 941, 434 P.3d 1152 (2019). The declaration must state

18   the date and place of execution. *Id.*

19        Similarly, 28 U.S.C. § 1746 permits a sworn declaration to be used in place of an affidavit

20   where the document is sworn "in substantially the following form: … 'I declare (or certify, verify,

21   or state) under penalty of perjury under the laws of the United States of America that the foregoing

22   is true and correct. Executed on (date). (Signature).'"

23        The Court finds that the declaration provided by Meyers is equivalent to an affidavit. The

24   declaration substantially complies with the language in 28 U.S.C. § 1746 by stating that Meyers

25   "swears and attests, under penalty of perjury. . . that each and every fact in support of this

26   document is true. . . ." (Dkt. No. 49-1.) *See Dairy v. Harry Shelton Livestock, LLC*, No. 18-cv-

27   06357-RMI, 2019 WL 631493, at *5 (N.D. Cal. Feb. 14, 2019) (holding declarant complied with

28   statute by stating the "following" facts were true rather than the "foregoing" because "strict

United States District Court
Northern District of California

compliance" with the statutory language is not required).  Additionally, Meyers' declaration is signed because it contains the electronic signature "/s/" and was filed by Meyers using his ECF credentials.  *See* Fed. R. Civ. Proc. 5(d)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

If, on a renewed motion, a non-attorney or an attorney filing through another's account provides an electronically-signed declaration, more will be required.  Additionally, at a minimum, the filer of the document must attest that the signatory concurred in the filing of the document. *See* L.R. 5-1(a), (i)(3); *but see Wheelmaxx Inc. v. Mahal*, 22-cv-01506-ADA-SKO, 2023 WL 3224161, at *4 (E.D. Cal. May 3, 2023) (questioning whether an attorney declaration could satisfy Section 415.50's affidavit requirement).

## C.   Plaintiffs Must Demonstrate Reasonable Diligence in Attempting to Locate and Serve Defendant Hernandez.

The Supreme Court has long held that notice is an "elementary and fundamental requirement of due process." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  Therefore, service by publication, when allowed, must be "reasonably calculated to give actual notice."  *United States v. Benson*, 2019 WL 6612246, at *3 (N.D. Cal. Dec. 5, 2019).  Nevertheless, "it is generally recognized that service by publication rarely results in actual notice" to a defendant.  *Id.*

As a result, service by publication is strongly disfavored, and it should be permitted only "as a last resort." *Hernandez v. Srija, Inc.*, No. 19-cv-01813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)).  "When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required."  *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020). A plaintiff must "properly exhaust" reasonable means to obtain service, including by asking the defendant's relatives, friends, acquaintances, neighbors, and employers; and by consulting city and telephone directories, the voters' register, and the real and personal property index in the

assessor's office near the defendant's last known location. *Hernandez*, 2019 WL 4417589, at *2 (quoting *Kott v. Sup. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)).

Additionally, a plaintiff must attempt at least two methods of service before a court will authorize service by publication. *Indian Hills*, 337 F.R.D. at 301. Other methods permitted under California law "include personal service, substitute service on a person found at the defendant's usual residence or place of business and subsequent mailing, service by mail with confirmation of receipt, and service by mail on defendants outside the state of California." *Cummings*, 2016 WL 4762208, at *1. California further permits the courts to fashion alternative means of service "in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.

Here, Meyers' declaration walks through Meyers' failed attempts to contact Hernandez over the last two years. Meyers claims that G.G., Plaintiffs' guardian, was unable to locate Hernandez during custody proceedings in October 2021, and that the California Superior Court ordered notice waived in those proceedings. (Dkt. No. 49-1 ¶ 10.) Meyers does not request judicial notice of the state court's order.

Meyers asked Defendant Clark about Hernandez's whereabouts sometime between August and October 2021. According to Meyers, Clark stated that she had not seen nor heard from Hernandez since Hernandez had molested Jill Doe. Meyers states that he has been unable to communicate with Clark and Clark's family since 2021, but he does not explain any attempts he has made to do so in the last two years. (*Id.* ¶¶ 12-13.)

Meyers states that he spoke to Hernandez's father more than a year ago, in September 2022. Hernandez's father told Meyers that Hernandez occasionally calls from a temporary phone number, but that he had not had contact with his son for six months. Hernandez's father believed that Hernandez was in Sacramento or Reno. Meyers has not spoken to Hernandez's mother, and Meyers does not claim any attempts to contact Hernandez's father in the last year, or that he attempted to send mail to Hernandez at Hernandez's parents' home. (*Id.* ¶ 17.)

With the information that Hernandez may be in Sacramento or Reno, Plaintiffs directed Meyers to Hernandez's best friend's address in Sacramento. (*Id.* ¶¶ 18-19.) Meyers personally

visited the Sacramento address in October 2022, where he spoke with the adult daughter of the homeowner.  The daughter informed Meyers that Hernandez had been evicted some time ago. Meyers requested the daughter to tell the homeowner to contact him if she had any additional information.  (*Id.* ¶ 20.)  Meyers does not report that he has made any further attempts to contact the homeowner, or that he attempted to send mail to the address which may have prompted a forwarding address from the postal service.  Meyers also does not state if the daughter resided at the Sacramento address, or if she was merely present upon Meyers' visit.  It appears that Meyers then paused his search.

Seven months passed.  In response to an Order to Show Cause issued by this Court, (Dkt. No. 29), Plaintiffs renewed their efforts and looked for Hernandez at a house in Winters where Plaintiffs had been taken with Hernandez while in his custody.  (Dkt. No. 49-1 ¶ 22.)  Meyers contacted the homeowners in May 2023, and the homeowners denied knowing Hernandez.  (*Id.* ¶ 23.)  Plaintiffs believed the Winters homeowners were lying, and thus Meyers sent a process server to that address to make personal service on May 30, 2023.  (*Id.* ¶¶ 24-25.)  The process server was unsuccessful, and the homeowners again denied knowing Hernandez.  (*Id.* ¶ 25.)  Meyers then personally visited the Winters homeowners on June 1, 2023, and the homeowners and their neighbor again stated that no one named Brian Hernandez had ever lived at the property. (*Id.* ¶ 26.)  Again, Meyers does not claim to have sent mail to Hernandez at the property to attempt to prompt a forwarding address from the postal service.

Meyers asserts that Plaintiff Jill Doe has continued to search for Hernandez "using social media, her memories, and remaining contact with Hernandez and [his girlfriend's] friends and family."  (*Id.* ¶ 27)  Meyers does not specify what social media searches he or Plaintiffs have made.  He also does not state which members of Hernandez's family Plaintiffs have contacted for leads into Hernandez's location in the year since Meyers spoke to Hernandez's father.

However, Meyers states that Jill sent him "internet search data" which showed Hernandez resided at an address in Reno, Nevada, on September 18, 2023.  (*Id.* ¶ 28.)  On September 21, 2023, Meyers directed a process server to go to the Reno address, but Hernandez was not present. The building owner informed the process server that Hernandez had never lived in his building.

1    (*Id.* ¶ 29.)  Meyers does not claim to have sent mail to Hernandez at the property.

2           On September 28, 2023, Meyers checked the CDCR Inmate Locator as well as the county

3    jail records for Calaveras, Merced, Santa Clara, San Joaquin, Sacramento, and Yolo Counties, but

4    did not find record of Hernandez.  (*Id.* ¶ 30.)  On September 29, 2023, Meyers did a public records

5    search of available phone directories, voter registration rolls, and property index searches for

6    Sacramento and Reno, but no records containing the names of Hernandez or his girlfriend matched

7    their age and description. (*Id.* ¶ 31.)

8           The Court need not decide at this time whether these efforts properly exhausted Plaintiffs'

9    avenues to effect service on Hernandez.  However, should Plaintiffs be inclined to file a renewed

10   motion for service by alternate means, Plaintiffs should make additional attempts to locate and

11   effect service on Hernandez via personal service or other authorized method.

12   **D.      Plaintiffs Must Provide Independent Factual Support for the Existence of a Cause of
            Action as to Defendant Hernandez.**

13

14          Plaintiffs' motion fails because they do not provide evidence of the existence of a cause of

15   action against Hernandez.  Despite identifying that independent evidentiary support is required by

16   California Code of Civil Procedure Section 415.50 (*see* Dkt. No. 49-1 ¶ 3), Plaintiffs do not

17   actually provide an affidavit setting forth an evidentiary basis for their causes of action against

18   Hernandez.  "Service by publication is neither appropriate nor valid without such an affidavit."

19   *Claimtek, LLC v. Med Office Grp., Inc.*, No. 22-cv-01696-FWS, 2023 WL 4155359, at *5 (C.D.

20   Cal. Apr. 7, 2023) (quoting *August Home, Inc. v. Shoprime Corp.*, No. 21-cv-01915-DMR, 2021

21   WL 5302857, at *3 (N.D. Cal. Nov. 15, 2021)).

22          In order to satisfy Section 415.50, Plaintiffs must submit an affidavit signed by someone

23   with personal knowledge of the essential facts.  *See id*; *see also Silver Screen Films Inc. v.*

24   *Hollywood Media Venture, LLC*, 2023 WL 5719780, at *1 (C.D. Cal. Sept. 5, 2023) (affidavit

25   must "stat[e] facts from which the trial court can draw the conclusion that the plaintiff has a cause

26   of action against the defendant.  This is a jurisdictional prerequisite to the issuance of an order of

27   publication.") (quoting *Rios v. Singh*, 65 Cal. App. 5th 871, 884 (2021)).  A declaration by

28   Plaintiffs' counsel is insufficient.  *Wheelmaxx*, 2023 WL 3224161, at *4.  Affidavits based upon

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    hearsay and conclusions likewise do not pass muster.  *Indian Hills*, 337 F.R.D. at 304.  "Unless

2    the affidavit contains some such evidence tending to establish every material jurisdictional fact,

3    the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without

4    jurisdiction, and all proceedings based upon it are void."  *Id.* (quoting *Harris v. Cavasso*, 68 Cal.

5    App. 3d 723, 726-27 (1977)).

6          Meyers' declaration lacks facts from which the Court could draw the conclusion that a

7    cause of action exists against Hernandez.  Because Plaintiffs' motion is likewise devoid of

8    allegations regarding the causes of action against Hernandez, the Court reviews the Amended

9    Complaint to see whether a cause of action may exist.  *See Indian Hills*, 337 F.R.D. at 302

10   (evaluating allegations in the complaint "[w]ithout addressing whether those claims plead a claim

11   for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").  Plaintiffs assert two

12   causes of action against Defendant Hernandez: (1) violation of state civil rights, and (2) injuries to

13   children in government care.

14         First, for the claim for violation of state civil rights, Plaintiffs cite California Government

15   Code section 820.21 and California Civil Code sections 43, 49, 51, 52, and 52.1.  (Am. Compl. ¶

16   62).  The Court notes that Plaintiffs do not state which of the code provisions they claim

17   Hernandez specifically violated, *see Borrello v. Respironics California, LLC*, No. 23-cv-580-GPC,

18   2023 WL 5986135, at *7 (S.D. Cal. Sept. 14, 2023) (dismissing cause of action for violation of

19   California Civil Code "sections 43 through 53.7" as failing to provide notice of plaintiff's claims),

20   but Plaintiffs appear to allege that Hernandez infringed their rights by maintaining custody of

21   Plaintiffs and failing to keep Plaintiffs safe from abuse.  (Am. Compl. ¶ 63.)

22         Next, Plaintiffs allege that Hernandez violated their protected liberty interest in being free

23   from injuries while placed in government care.  (*Id.* ¶ 76.)  The allegations levied in support of this

24   cause of action are largely directed at other defendants, but they surround what Plaintiffs allege

25   was a flawed adoption along with physical and sexual abuse by Hernandez.  (*See id.* ¶ 78.)

26         Meyers' declaration sets forth the following facts, apparently to demonstrate the existence

27   of these causes of action:  Jane ran away from Defendant Clark's home in summer 2021, and

28   Meyers assisted Jane, Jill, and their guardian G.G. in custody proceedings.  (Dkt. 49-1, ¶ 2.)  Jill

8

1    and Jane "provided independent evidentiary support that – consistent with California Code of

2    Civil Procedure Section 415.50 – an independent cause of action exists against Defendant Brian

3    Hernandez." (*Id.* ¶ 3.) "Specifically," according to Meyers, Jane described to him "numerous

4    incidents" of physical, sexual, and emotional abuse. (*Id.* ¶ 4.) Jill also described to Meyers

5    physical and emotional abuse, "including numerous occasions where Defendant Hernandez would

6    invite friends and family over to perpetrate acts of physical and emotional abuse against the girls."

7    (*Id.* ¶ 4.) Meyers also states that Hernandez committed "violent and abusive acts against other

8    foster children in his home during this time[,] [a]lthough the details are not yet known." (*Id.* ¶ 6.)

9    Meyers states that the allegations against other children are relevant because they "potentially

10   subject Defendant Hernandez to cross-claims against him for fraud and deceit" by the other

11   defendants in this action. (*Id.*)

12           This declaration is insufficient under the law. First, the declaration is by Plaintiffs'

13   attorney, rather than Plaintiffs or their representative. *Indian Hill*, 337 F.R.D. at 304-05. Meyers

14   hints at hearsay from Jane and Jill regarding incidents they have described to Meyers, but Meyers

15   does not actually describe the incidents, nor could he do so unless the descriptions are based upon

16   personal knowledge. Second, Meyers' statement that Jane and Jill's descriptions are "consistent

17   with California Code of Civil Procedure Section 415.50" is a "mere conclusion" that cannot

18   satisfy the jurisdictional requirement. *Id.* at 304. Third, Meyers' declaration and Plaintiffs'

19   motion is devoid of any connection between the statements of fact in the declaration and the

20   causes of action which Plaintiffs allege. Meyers' cursory reference to potential cross-claims does

21   not establish a basis for those claims nor that Hernandez may be a necessary party to the action.

22   *See id.* at 305 ("Here, a declaration by Plaintiffs attorney, . . . which contains no averments

23   whatsoever as to what facts, if any, could support a cause of action against Defendants fails to

24   meet the requirements of Section 415.50.").

25           The Court is sensitive to the nature of the allegations against Hernandez. However, the

26   Court is without jurisdiction to order notice by publication in the absence of a sworn statement of

27   facts constituting independent evidentiary support for the two causes of action against Hernandez.

28

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, the Court DENIES without prejudice the motion to serve Defendant Hernandez by publication.  Plaintiffs may file a renewed motion for service by alternate means no later than October 23, 2023, which should address the deficiencies noted by the Court.

In the event Plaintiffs choose to file a renewed motion, they should specify which in which publications they propose to publish the notice.

Plaintiffs are directed to review this Court's Civil Standing Orders, including the requirement in Paragraph 9 that any party filing or opposing a motion shall also file a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

**IT IS SO ORDERED.**

Dated: October 3, 2023

_____
JEFFREY S. WHITE
United States District Judge