UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>                    Defendants. | Case No.  22-cv-04948-JSW<br><br>**ORDER DENYING PLAINTIFFS' FOURTH MOTION FOR SERVICE BY ALTERNATE MEANS AND DISMISSING ACTION WITHOUT PREJUDICE AS TO DEFENDANT BRIAN HERNANDEZ**<br><br>Re: Dkt. No. 53 |

Now before the Court is Plaintiffs' fourth motion for service by alternate means.  (Dkt. No. 53.)  For the following reasons, the Court DENIES Plaintiffs' motion.

Plaintiffs have submitted a facially insufficient motion for the fourth time.  The Court thus endeavors to make the requirements for a motion—and the reasons Plaintiffs' motion once again falls short—as clear as possible.  The Court assumes familiarity with its previous orders.  (*See* Dkt. Nos. 46, 48, 50.)

**A.    Plaintiffs Did Not Demonstrate Reasonable Diligence in Attempting to Locate and Serve Defendant Hernandez.**

In its Order denying Plaintiffs' third motion for service by alternate means, the Court walked through the declaration of Attorney Meyers and pointed out missed opportunities and steps Meyers had not taken to potentially locate Hernandez.  (Dkt. No. 50, at 5-7.)  The Court stated: "should Plaintiffs be inclined to file a renewed motion for service by alternate means, Plaintiffs should make additional attempts to locate and effect service on Hernandez via personal service or other authorized method."  (*Id.* at 7.)

Plaintiffs do not report any additional efforts they have made to find or serve Hernandez

since the Court's last order.  Instead, they resubmit the same declaration from Meyers.  Plaintiffs appear to have interpreted the Court's previous order to mean that further efforts were optional. They were not.  The Court DENIES Plaintiffs' motion on this basis.

**B.      Plaintiffs Did Not Provide Independent Factual Support for the Existence of a Cause of Action as to Defendant Hernandez.**

As the Court has repeatedly stated, in order to satisfy California Code of Civil Procedure Section 415.50, Plaintiffs must submit an affidavit signed by someone with personal knowledge of the essential facts supporting the existence of a cause of action against the defendant.  In its previous order, the Court addressed what an "affidavit" is, and it noted that a signature is required. (Dkt. No. 50, at 3-4.)  The Court cautioned that an "/s/" signature provided by any person other than the filing attorney would likely not satisfy the signature requirement.  (*Id.*)  Specifically, the Court stated:

> If, on a renewed motion, a non-attorney or an attorney filing through another's account provides an electronically-signed declaration, more will be required. Additionally, at a minimum, the filer of the document must attest that the signatory concurred in the filing of the document.  *See* L.R. 5-1(a), (i)(3); *but see Wheelmaxx Inc. v. Mahal*, 22-cv-01506-ADA-SKO, 2023 WL 3224161, at *4 (E.D. Cal. May 3, 2023) (questioning whether an attorney declaration could satisfy Section 415.50's affidavit requirement).

(Dkt. No. 50, at 4.)

Plaintiffs provided a document purporting to be a "sworn affidavit and declaration" from Jane Doe.  At least some of the admissible statements in the declaration support the existence of a cause of action against Hernandez.  However, the document is signed with an electronic "/s/" signature, and Meyers, the filing attorney, did not attest that Jane concurred in the filing of the document.  The Court cannot accept the filing as an affidavit for purposes of Section 415.50, and it DENIES Plaintiffs' motion on this additional basis.

**C.      Plaintiffs Did Not Follow the Court's Previous Order.**

In its previous Order, the Court stated as follows:

> In the event Plaintiffs choose to file a renewed motion, they should specify in which publications they propose to publish the notice.
>
> Plaintiffs are directed to review this Court's Civil Standing Orders, including the requirement in Paragraph 9 that any party filing or opposing a motion shall also file

United States District Court
Northern District of California

a proposed order that sets forth the relief or action sought and a short statement of
the rationale of decision, including citation of authority, that the party requests the
Court to adopt.

(Dkt. No. 50, at 10.)

Plaintiffs did not specify the publications in which they proposed to give notice, and they did not file a proposed order.  The Court DENIES Plaintiffs' motion on this additional basis.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the motion to serve Defendant Hernandez by alternate means.  The Court DISMISSES THE ACTION WITHOUT PREJUDICE as to Defendant Hernandez pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: October 16, 2023

_____
JEFFREY S. WHITE
United States District Judge