1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    JANE DOE, et al.,                               Case No. 22-cv-04948-JSW

8                    Plaintiffs,
                                                     **ORDER GRANTING MOTION TO**
9         v.                                         **DISMISS FIRST AMENDED**
                                                     **COMPLAINT**
10   SANTA CLARA COUNTY
     DEPARTMENT OF HEALTH AND                        Re: Dkt. No. 36
11   HUMAN SERVICES, et al.,

12                   Defendants.

13         Now before the Court for consideration is the motion to dismiss the First Amended

14   Complaint ("FAC") filed by Defendants County of Santa Clara ("County") and Sharon Jenkins.

15   The Court has considered the parties' papers and relevant legal authority, and it finds this matter

16   suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  For the following

17   reasons, the Court GRANTS the motion to dismiss, with leave to amend.

18                                            **BACKGROUND**

19         Plaintiffs Jane and Jill Doe ("Plaintiffs") were minor children at all relevant times.[1]  (Dkt.

20   No. 30, FAC ¶ 3.)  The Santa Clara Department of Family and Children's Services ("DFCS")

21   removed Plaintiffs from their parents' care due to alleged substance abuse and domestic violence

22   issues.  (*Id.* ¶ 12.)  DFCS placed Plaintiffs with dismissed Defendant Brian Hernandez and

23   Defendant Marissa Clark, rather than placing Plaintiffs with their biological grandmother.  (*Id.* ¶¶

24   12, 18.)  Hernandez and Clark physically and sexually abused Plaintiffs.  (*Id.* ¶ 23.)  Plaintiffs

25   allege that the County and Jenkins did not adequately investigate the safety of the home and

26   ignored red flags relating to Hernandez and Clark's suitability and candor.  (*Id.*)  Eventually, the

27   _____

28   [1] For purposes of resolving this motion to dismiss, the Court accepts all well-pleaded facts in the
     FAC as true.

United States District Court
Northern District of California

1    County terminated Plaintiffs' biological parents' parental rights, and Hernandez and Clark adopted

2    Plaintiffs.  (*Id.* ¶ 26.)  After the adoption, the abuse escalated, and Jane ran away to live with her

3    biological grandmother.  (*Id.* ¶¶ 27, 34.)  Clark later abandoned Jill at her biological

4    grandmother's home.  (*Id.* ¶ 41.)

5        Plaintiffs filed this case on August 30, 2022 against the County, Jenkins, DFCS, the Santa

6    Clara Department of Health and Human Services, Social Workers 1-500, Hernandez, and Clark.

7    (Dkt. No. 1.)  The County and Jenkins moved to dismiss on the basis that Plaintiffs failed to state a

8    claim and that they were absolutely or qualifiedly immune from Plaintiffs' claims.  (Dkt. No. 18.)

9    The Court granted the motion, with leave to amend.  (Dkt. No. 25.)

10       Plaintiffs filed the FAC on May 19, 2023.  They bring six causes of action: (1) as to

11   Jenkins,[2] a Section 1983 claim for denial of familial association and privacy in violation of federal

12   civil rights; (2) as to the County, *Monell* liability arising from the Section 1983 claim; (3) violation

13   of state civil rights; (4) as to Jenkins, judicial deception; (5) injuries to children in government

14   care; and (6) negligence and intentional infliction of emotional distress.

15       The County and Jenkins again bring a motion to dismiss for failure to state a claim.  (Dkt.

16   No. 36.)  The issue before the Court is therefore whether Plaintiffs' amendments to their complaint

17   cure the deficiencies identified in the Court's prior order dismissing their claims.

18                              **ANALYSIS**

19   **A.    The Court Denies the County's Renewed Request for Judicial Notice.**

20       The County renews its request for the Court to take judicial notice of Exhibits A through J

21   of the Declaration of Kristin W. Baker in support of their motion to dismiss.  (Dkt. No. 18-2.)

22   Exhibits A though J are court records from *In re: A.C.* (Case No. JD17722) and *In re: J.F.* (Case

23   No. JD18718), Superior Court of California, County of Santa Clara, Juvenile Court.

24       As the Court previously concluded, these records are proper subjects of judicial notice.

---

[2] Plaintiffs' first and fourth claims—for denial of federal civil rights and for judicial deception—are against the "County Defendants."  (FAC, at 14, 22.)  The FAC defines "County Defendants" as "the Defendants in paragraphs 6 through 7 inclusive."  (*Id.* ¶ 7.)  Paragraph 6 refers to Jenkins, and paragraph 7 is the paragraph defining "County Defendants."  (*Id.* ¶¶ 6-7.)  Therefore, the only Defendant identified in paragraphs 6 through 7 is Jenkins, and "County Defendants" refers to Jenkins.

United States District Court
Northern District of California

1    (Dkt. No. 25.)  However, as the Court does not rely on the records in making its determination

2    below, the request for judicial notice is denied as moot.

3    **B.    The Court Grants the Motion to Dismiss.**

4         **1.    Applicable Legal Standard.**

5         A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

6    pleadings fail to state a claim upon which relief can be granted.  A court's "inquiry is limited to

7    the allegations in the complaint, which are accepted as true and construed in the light most

8    favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even

9    under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

10   obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and

11   conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

12   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

13   Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead

14   allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim

15   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

17   556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

18        Plaintiffs erroneously refer to the "any set of facts" pleading standard set forth in *Conley v.*

19   *Gibson*, 355 U.S. 41 (1957).  This more permissive standard was replaced by the "plausibility"

20   standard articulated in *Twombly* and *Iqbal*.

21        If the allegations are insufficient to state a claim, a court should grant leave to amend

22   unless amendment would be futile.  *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

23   Cir. 1990); *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246-47.

24        **2.    The Court Dismisses Plaintiffs' Section 1983 Claim for Violation of Right to**
              **Familial Association and Privacy for Failure to State a Claim.**
25
         Plaintiffs bring a Section 1983 claim against Jenkins for violation of their constitutional
26
     rights to familial association and privacy.  Included in this claim is an implied claim for violation
27
     of their liberty interest in protection as wards of the state.  A plaintiff bringing a Section 1983
28

United States District Court
Northern District of California

1   claim must allege facts demonstrating: "(1) that a person acting under color of state law committed

2   the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

3   immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d

4   628, 632-33 (9th Cir. 1988).  The plaintiff must demonstrate that each individual defendant

5   employee personally participated in the deprivation of her rights.  *Jones v. Williams*, 297 F.3d 930,

6   934-935 (9th Cir. 2002).

### a.     Plaintiffs Have Not Stated a Claim for Violation of Their Right to Familial Association or Privacy.

A child's right to familial association arises from the Fourth Amendment right to be free

from unreasonable seizures.  *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022).  Children

have a right to live together with their parents.  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134,

1149 (9th Cir. 2021).  However, children do not have a right to live together with their

grandparents if there is no established familial relationship between the children and grandparents

such that government action would break up an existing family unit.  *Mullins v. State of Or.*, 57

F.3d 789, 793 (9th Cir. 1995).

Plaintiffs do not contend that they were wrongfully removed from their parents,[3] but rather

that they were wrongfully placed with Clark and Hernandez instead of with biological family

members such as their grandmother.  (FAC ¶ 48.)  Plaintiffs do not provide any allegations that a

close familial relationship existed between Jane and her grandmother at any time prior to her

running away.  According to the timeline alleged by Plaintiffs, it is impossible that Jill had a close

relationship with her grandmother before her adoption, because Plaintiffs allege Jill was given to

Clark at birth.  Therefore, Plaintiffs have not plausibly alleged a constitutional right to familial

association with their grandmother or other unnamed relatives.

Because the allegations in the FAC are general and vague, Plaintiffs may be able to cure

the deficiencies in a more fulsome amended pleading.  For these reasons, the Court dismisses

Plaintiffs' Section 1983 claim for violation of their right to familial association and privacy with

_____

[3] The FAC includes an allegation that Jane Doe was wrongfully removed "from her mother's care," but Plaintiffs disavow this claim in their Opposition brief.  (Dkt. No. 38, Opp., at 7.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    leave to amend.

2                         **b.**         **Plaintiffs Have Not Stated a Claim that Jenkins Violated Their Liberty Interests.**

The FAC does not contain sufficient allegations to support a claim that Jenkins violated the Plaintiffs' "liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *See Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010) (citing *Carlo v. City of Chino*, 105 F.3d 493, 501 (9th Cir. 1997)). Social workers owe foster children a duty to protect them from harm and to provide minimally adequate care. *Id.* at 842. A violation occurs when state officials act with such deliberate indifference to the liberty interest that their actions "shock the conscience." *Id.* at 844 (quoting *Brittain v. Hansen,* 451 F.3d 982, 991 (9th Cir.2006)). Conduct that "shocks the conscience" is "deliberate indifference to a known, or so obvious as to imply knowledge of, danger." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1064 (9th Cir.2006) (citation and internal quotation marks omitted). As applied in the foster care context, the deliberate indifference standard "requires a showing of an objectively substantial risk of harm and a showing that the officials were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that either the official actually drew that inference or that a reasonable official would have been compelled to draw that inference." *Tamas*, 630 F.3d at 845.

In their opposition to the motion to dismiss, Plaintiffs argue that Jenkins was the social worker assigned to their case and that she violated their rights by ignoring warning signs that Plaintiffs were not safe with Clark and Hernandez and willingly or negligently leaving Plaintiffs in an unsafe home. Plaintiffs further allege that Jenkins lied or made misrepresentations to the juvenile court to conceal safety risks to Plaintiffs.

However, the FAC does not contain enough facts to make these allegations plausible. It does not allege, as a threshold issue, that Jenkins was the social worker assigned to the Plaintiffs' case. (*See generally*, FAC.) The allegations that Plaintiffs do make are contradictory, vague, or implausible. Plaintiffs state that Jenkins lied to the juvenile court, but they do not allege the content or timing of any such lies. (*Id.* ¶ 19.) Plaintiffs also allege that Jenkins "caught Clark and

United States District Court
Northern District of California

1    Hernandez exhibiting deceptive and dangerous conduct towards the children," but again fail to

2    provide clarity on what that "deceptive and dangerous conduct" consisted of.  (*Id.* ¶ 20.)  Plaintiffs

3    speculate that Merced County removed foster children from Hernandez and Clark due to abuse,

4    but they provide no basis for that speculation.  (*Id.* ¶ 22).  And finally, Plaintiffs allege that

5    Jenkins inappropriately relied on a third-party home study to recommend Clark and Hernandez for

6    adoption, but they admit that using an impartial third-party to conduct the final home study was

7    "[t]he practice at the time."  (*Id.* ¶¶ 25, 26.)  Plaintiffs do not allege any facts that would support

8    an inference Jenkins knew or should have known that the home study was unreliable.

9         For these reasons, the Court finds that Plaintiffs have failed to plausibly allege a Section

10   1983 claim against Jenkins based on a violation of their liberty interests.  The Section 1983 claim

11   is dismissed, with leave to amend.

**c.       Jenkins May Be Entitled to Immunity for Plaintiffs' Section 1983 Claims.**

13        For the same reasons the Court stated in its order dismissing Plaintiffs' initial Complaint,

14   the Court declines to dismiss the claims against Jenkins based upon a finding of absolute or

15   qualified immunity at this time.  (*See* Dkt. No. 25.)

**i.       Jenkins May Have Absolute Immunity.**

17        Absolute immunity is available to social workers "when they perform quasi-prosecutorial

18   or quasi-judicial functions in juvenile dependency court."  *Hardwick v. Cnty. of Orange*, 844 F.3d

19   1112, 1115 (9th Cir. 2017).  The social worker's "activity" or "function" must have been "part and

20   parcel of presenting the state's case as a generic advocate."  *Id.*  Absolute immunity does not

21   extend to claims that the social worker "fabricated evidence during an investigation or made false

22   statements in a dependency petition affidavit."  *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908

23   (9th Cir. 2008).

24        Jenkins argues that she has absolute immunity relating to the decision to initiate and pursue

25   dependency proceedings and to remove Plaintiffs from their biological parents.  Plaintiffs do not

26   address absolute immunity in their opposition, and they expressly disclaim any causes of action

27   relating to the initiation of proceedings.  It is unclear from the face of the FAC what actions, if

28

1    any, Plaintiffs claim that Jenkins took to fabricate evidence or make false statements.

2    Accordingly, Jenkins may have absolute immunity, but dismissal on this ground remains

3    premature.

4                    **ii.      Jenkins May Have Qualified Immunity.**

5            Qualified immunity shields government officials "from liability for civil damages insofar

6    as their conduct does not violate clearly established statutory or constitutional rights of which a

7    reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To

8    determine whether qualified immunity protects a social worker from liability, a court must

9    examine: "(1) whether the facts, taken in the light most favorable to the party asserting the injury,

10   show that the [social worker's] conduct violated a constitutional right and (2) if so, whether the

11   right was clearly established, such that a reasonable official would understand that his conduct

12   violated that right." *Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019)

13   (citing *Tamas*, 530 F.3d at 842).  To be clearly established, "existing precedent must have placed

14   the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664

15   (2012).

16           Jenkins raises qualified immunity as a defense on the basis that there is no clearly

17   established constitutional right to placement with unspecified family members upon removal.

18   Plaintiffs do not challenge this contention.  Instead, they argue that Jenkins is not entitled to

19   qualified immunity because she "ignored evidence and falsehoods which led to the inevitable,

20   horrific abuse" suffered by Plaintiffs.  (Opp., at 10.)  Plaintiffs do not cite to any allegations of

21   such evidence or falsehoods in the FAC.  As discussed above, Plaintiffs' allegations are vague,

22   general, and conclusory, and it is unclear what actions Jenkins in particular took.  As with Jenkins'

23   absolute immunity defense, dismissal on the basis of qualified immunity is premature.  Jenkins

24   may raise immunity again, should Plaintiffs amend their Section 1983 claim.

25           **3.      The Court Dismisses Plaintiffs' *Monell* Claim.**

26           The County moves to dismiss Plaintiffs' *Monell* claim on the basis that Plaintiffs plead

27   only the bare elements of the claim. "A government entity may not be held liable under Section

28   1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)

2    (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)).  "In

3    order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that

4    [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the

5    municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's

6    constitutional right; and (4) that the policy is the moving force behind the constitutional

7    violation.'" *Id.* (citation omitted).

8         "Liability for improper custom may not be predicated on isolated or sporadic incidents; it

9    must be founded upon practices of sufficient duration, frequency and consistency that the conduct

10   has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th

11   Cir. 1996).  Thus, "a single incident of unconstitutional activity is not sufficient to impose liability

12   under *Monell* unless" there is proof that the incident "was caused by an existing, unconstitutional

13   municipal policy..." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  To withstand a

14   motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere

15   "formulaic recitations of the existence of unlawful policies, conducts or habits." *Warner v. County*

16   *of San Diego*, No. 10-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb.14, 2011).

17        Plaintiffs allege that the County "had a duty to use reasonable care to select, assign,

18   supervise, train, control and review the activities of all their agents" and to "implement and follow

19   policies, procedures, customs and/or practices" to protect the Plaintiffs' constitutional rights.

20   Plaintiffs identify six policies that were "the moving force" behind violations of their rights:

1. the policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious bodily injury), court order and/or consent;

2. the policy of approving foster homes;

3. the policy of investigating complaints and removals of children from foster homes;

4. the now-abandoned policy of approving foster homes for adoption by using an independent home study agency;

5. the now-abandoned policy of approving homes for adoption after children have been legally placed in the home;

6. by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees, and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when

performing actions related to dependency type proceedings.

(FAC ¶ 57.)  Plaintiffs also allege that Jenkins deliberately ignored protocols and procedures relating to approving and investigating foster homes or presenting accurate information to the juvenile court.  (*Id.* ¶ 58.)

As with their original complaint, Plaintiffs have not provided a factual basis in the FAC for the claim that the County has a policy of removing children from their homes without exigent circumstances or approving foster homes despite evidence of abuse.  The only allegations supporting the allegedly unconstitutional policies are those specific to Plaintiffs and thus fall short of plausibly alleging a *Monell* claim based on improper custom.  Further, Plaintiffs provide no allegations to support that the County's "policy of investigating complaints and removals of children from foster homes" was unconstitutional or that they suffered as a result of the policy. The FAC is devoid of any allegations that, for example, the County received complaints relating to Clark and Hernandez.

Plaintiffs also appear to allege a *Monell* claim based on failure train, but Plaintiffs have not addressed the deficiencies raised in the previous order granting dismissal of this claim.  To succeed on failure to train theory, a plaintiff must allege that (1) the existing training program is inadequate "in relation to the tasks the particular officers must perform"; (2) the failure to train "amounts to deliberate indifference to the rights of persons with whom the officers come into contact"; and (3) that the inadequacy of the training "actually caused" the purported constitutional deprivation. *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).  Here, the FAC includes only a conclusory allegation that the County failed to adequately train or supervise its officers.  Plaintiffs do not include specific allegations about the deficiencies in the training or how the alleged training deficiencies resulted in the harm alleged.  At most, the FAC indicates that Jenkins knew of policies and procedures that could have safeguarded Plaintiffs' rights but chose not to follow them.  (*See* FAC ¶ 58 (alleging that Jenkins "did not follow protocols and procedures relating to investigating . . . foster homes. . .")  Plaintiffs fail to adequately allege a Section 1983 claim against the County based on a failure to train.

The Court grants Defendants' motion to dismiss the *Monell* claim with leave to amend.

9

**4.      The Court Dismisses Plaintiffs' Claim for Judicial Deception for Failure to State a Claim.**

Defendants seek to dismiss Plaintiffs' Section 1983 claim for judicial deception because Plaintiffs fail to plead sufficient facts under Rule 8.  "To state a violation of the constitutional right to familial association through judicial deception, a plaintiff must allege '(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.'"  *Kaulukukui*, 38 F.4th at 801 (quoting *Benavidez*, 993 F.3d at 1147).

Plaintiffs do not allege sufficient facts to establish the first element—that Defendants made "a misrepresentation or omission."  Plaintiffs point to Defendants' alleged omission that Merced County removed foster children from Clark and Hernandez, but Plaintiffs admit they do not know the reason why those children were removed.  (*Id.* ¶¶ 22, 73.)  The contention that this omission was material is based upon pure speculation.  Plaintiffs' remaining allegations are too conclusory and vague to provide Defendants with notice of the nature of the alleged misconduct.

Because the deficiencies raised by the Court regarding this claim, too, may be cured by pleading of additional facts, the Court dismisses the judicial deception claim with leave to amend.

**5.      The Court Dismisses Plaintiffs' State Law Claims.**

Defendants assert that Plaintiffs' state law claims should be dismissed because Jenkins is entitled to immunity under state law and that Plaintiffs have not pleaded sufficient facts to establish County liability.  Plaintiffs do not respond to Defendants' arguments.  Reading the Opposition generously, Plaintiffs at most "incorporate by reference" their discussion of qualified immunity with regard to the state law claims.  (Opp., at 16.)  Because Plaintiffs did not respond to Defendants' arguments, Plaintiffs have forfeited their state law claims.  *See Namisnak v. Uber Techs., Inc.*, 444 F. Supp. 3d 1136, 1145 (N.D. Cal. 2020) (dismissing claims with prejudice where plaintiffs failed to respond to defendants' arguments).

Even if Plaintiffs had responded to Defendants' contentions, dismissal would be required on immunity grounds.  As the Court previously held, Defendants are entitled to immunity under state law from the face of the pleadings.  (Dkt. No. 25.)  Plaintiffs did not modify the allegations in their FAC to address the deficiencies identified in Court's previous ruling with regard to Plaintiffs' state law claims, including violation of state civil rights, negligence, and intentional

10

1    infliction of emotional distress.

2           Because Plaintiffs did not respond to Defendants' arguments relating to immunity as to the

3    state law claims, and because Plaintiffs failed to address the Court's concerns in their FAC,

4    Plaintiffs' state law claims are dismissed with prejudice as to the County and Jenkins.

5    **C.      Order to Show Cause Regarding Defendant Clark.**

6           Plaintiffs filed the complaint in this action on August 30, 2022.  Plaintiffs filed multiple

7    requests for entry of default as to Defendant Clark, (Dkt. Nos. 32, 44, 52), all of which were

8    declined for insufficient proof of service, (Dkt. Nos. 37, 51, 55.).  The Court last declined to enter

9    default as to Clark on October 18, 2023.  (Dkt. No. 55.)  Plaintiffs have taken no action since that

10   time to demonstrate service and renew their request for default.  Plaintiffs are HEREBY

11   ORDERED TO SHOW CAUSE why the Court should not dismiss their claims against Defendant

12   Clark for failure to serve or prosecute.  Plaintiffs' response to the Order to Show Cause shall be

13   due by no later than February 16, 2024.

14                                   **CONCLUSION**

15          For the foregoing reasons, the Court GRANTS the County and Jenkins' motion to dismiss.

16   Any amended complaint shall be filed on or before February 29, 2024.  Plaintiffs are granted leave

17   to amend with regard to their Section 1983 claims, judicial deception, and their *Monell* claims

18   only.  Plaintiffs have forfeited their state law claims for violation of state civil rights, negligence,

19   and intentional infliction of emotional distress, and those claims are dismissed with prejudice.

20          Leave to amend is limited to the deficiencies identified in this order; Plaintiffs may not add

21   parties or claims without prior express leave of the Court.

22          Plaintiffs' response to the Order to Show Cause regarding Defendant Clark is due by

23   February 16, 2024.  Failure to submit a timely response will result in the dismissal of Defendant

24   Clark without prejudice.

25          **IT IS SO ORDERED.**

26   Dated: February 9, 2024

27   _____

     JEFFREY S. WHITE
28   United States District Judge

     11

*United States District Court*
*Northern District of California*